

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-26-2004

# Vitatoe v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3812

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Vitatoe v. Comm Social Security" (2004). *2004 Decisions.* Paper 771.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/771

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 03-3812

———————

DAVID L. VITATOE,
Appellant

v.

JO ANNE BARNHART,
Commissioner, Social Security Administration

———————

Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 01-cv-00831)
District Judge:  Honorable Gregory M. Sleet

———————

Submitted Under Third Circuit LAR 34.1(a)
April 16, 2004

Before:  RENDELL, STAPLETON and LAY*, <u>Circuit</u> <u>Judges</u>.

(Filed April 26, 2004)

———————

OPINION OF THE COURT

———————

———————

*Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by
designation.

LAY, <u>Circuit Judge</u>.

David L. Vitatoe appeals from an order of the district court affirming the decision of the Commissioner of Social Security denying his claim for disability insurance benefits under Title II of the Social Security Act. Because we conclude that substantial evidence on the record as a whole supports the Commissioner's decision, we will affirm.

BACKGROUND

Vitatoe applied for disability insurance benefits and supplemental security income on September 30, 1999, alleging an inability to work beginning September 15, 1999. Vitatoe's application for benefits was denied initially and upon reconsideration. He then requested a hearing before an administrative law judge ("ALJ"), which was held on November 15, 2000.

Vitatoe suffers from several ailments, including hypertension, asthma, and diabetes mellitus, and has been seen by several physicians for his medical conditions. At the hearing, Vitatoe testified that he could not do any lifting, but upon questioning from the ALJ, he admitted he could lift a gallon of milk. He testified that he suffered frequent asthma attacks with shortness of breath and required nebulizer treatments of fifteen to twenty minutes three or four times per day. Vitatoe testified his diabetes caused him pain in his eyes, fingers, and lower back, and severe pain in his legs, which limited his walking to ten to fifteen minutes per day. He claimed he was bedridden for most of the day.

2

Vitatoe had been diagnosed as having peripheral neuropathy related to diabetes mellitus and was prescribed pain medication for treatment. On December 19, 2000, Vitatoe had a consultative exam with Dr. Yong Kim. Vitatoe told Dr. Kim he had been to the emergency room five or six times in the last year for his asthma, but no records of these visits were ever provided by Vitatoe in support of his application for benefits. Vitatoe also told Dr. Kim that he could walk for one block, stand for thirty minutes, and lift twenty or thirty pounds. Vitatoe complained of having a cough, shortness of breath, and occasional abdominal pain. Dr. Kim noted that Vitatoe had normal range of motion and strength in his upper and lower extremities but decreased sensation in the toes of both feet.

At the request of the ALJ, the medical evidence in Vitatoe's case was reviewed by Dr. Charles Cooke, an internist and medical expert. Dr. Cooke opined that while Vitatoe had evidence of severe asthma and diabetes mellitus with peripheral neuropathy, he still was able to lift up to twenty pounds frequently and fifty pounds occasionally, and had no limitations on his ability to stand, walk, sit, or use his upper and lower extremities for pushing and pulling.

Vitatoe submitted written reports concerning his disability in January and February of 2000, which indicated that he experienced pain in his legs and sometimes found it difficult to breathe. However, he stated he could drive to doctor appointments, drive his son to school, take out the trash, mow the grass once every two weeks, shop, and fish five

or six times a year. In March of 2000, Vitatoe submitted a written report that indicated he could no longer engage in these activities or any other household chores.

The ALJ found that Vitatoe suffered from severe impairments, which were not severe enough to meet or medically equal a listed impairment. The ALJ also found that Vitatoe was not fully credible as to the frequency and severity of his symptoms or the extent of his functional limitations. He further found that Vitatoe had the residual functional capacity to perform sedentary work. Although the ALJ found that Vitatoe could not perform his past relevant work, he found there were significant jobs in the regional and national economy that Vitatoe could perform. On this basis, the ALJ found that Vitatoe was not disabled.

Vitatoe requested review of the ALJ's decision by the Appeals Council. The Appeals Council denied his request, thereby making the ALJ's decision the final decision of the Commissioner. Vitatoe then filed suit in district court. On July 10, 2003, the district court granted the Commissioner's motion for summary judgment, concluding substantial evidence on the record as a whole supported the Commissioner's finding that Vitatoe was not eligible for benefits. Vitatoe now appeals.

DECISION

On appeal, Vitatoe takes issue with the ALJ's finding that he was not fully credible as to the frequency and severity of his symptoms or the extent of his functional

4

limitations, and he argues the ALJ's finding of non-disability was based on a rejection of Vitatoe's subjective complaints. An ALJ must give an applicant's subjective complaints serious consideration and make specific findings of fact concerning his credibility. See Burns v. Barnhart, 312 F.3d 113, 129 (3d Cir. 2002). We conclude the ALJ fulfilled each of these requirements.

Our review of the record convinces us that the ALJ did not reject Vitatoe's subjective complaints entirely but gave them serious consideration and evaluated them in the context of all the evidence. Although evidence was presented that Vitatoe had the capacity to lift over twenty pounds, had no limitations on his ability to stand, walk, or sit, and retained the capacity for work at a medium level, the ALJ found that Vitatoe retained the residual functional capacity to sit for six hours in an eight-hour day, stand and walk two hours, and lift weights of up to ten pounds frequently. The ALJ also found that Vitatoe's asthma limited his tasks to those that do not involve exposure to air pollution and other respiratory irritants. Furthermore, the ALJ found that Vitatoe had the capacity to perform only sedentary work, which involves primarily sitting and lifting no more than ten pounds. In our view, these findings clearly indicate the ALJ considered and partially credited Vitatoe's subjective complaints of pain, diminished capacity for work, and other symptoms. In any event, these findings certainly refute Vitatoe's contention that the ALJ based his non-disability finding on a rejection of Vitatoe's subjective complaints.

The record also supports the ALJ's credibility finding. The ALJ specifically

pointed out inconsistencies between Vitatoe's testimony and his written statements concerning his ability to engage in various activities. For example, Vitatoe testified that he could not perform any household chores or yard work, but his written statements indicate that he could take out the trash and mow the grass. The ALJ also pointed out inconsistencies in Vitatoe's statements concerning his lifting ability. Vitatoe initially testified that he could not do any lifting but later conceded that he could lift a gallon of milk. One month later, he told Dr. Kim that he could lift between twenty and thirty pounds of weight. The ALJ also pointed out that Vitatoe's testimony concerning frequent trips to the emergency room for his asthma was not supported by any records of such visits.

Also important to the ALJ's credibility determination was the lack of objective medical evidence to support Vitatoe's subjective complaints. "Allegations of pain and other subjective symptoms must be supported by objective medical evidence." Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999); see also 20 C.F.R. § 404.1529. The ALJ cited specific instances where Vitatoe's subjective complaints were not supported by objective medical evidence. For example, Dr. Kim found no impairment of Vitatoe's gait, muscle strength, or range of motion, and another of Vitatoe's treating physicians reported that Vitatoe had no limb ataxia and had normal muscle mass and tone except for mild weakness and loss of sensation in the lower extremities. As the district court noted, none of Vitatoe's treating physicians opined that he had any disabling functional limitations.

6

Considering the objective medical evidence, the opinions of Vitatoe's treating physicians, and Vitatoe's own testimony and written statements, we conclude the ALJ's finding that Vitatoe's allegations of pain and other subjective symptoms were not entirely credible is supported by substantial evidence on the record as a whole. Moreover, we conclude there is substantial evidence on the record as a whole to support the ALJ's conclusion that Vitatoe was not disabled.

## CONCLUSION

For the reasons set forth in this opinion, we will affirm the order of the district court upholding the Commissioner's denial of disability insurance benefits in this case.